**EXHIBIT A
to Declaration of Daniel Chammas
in support of Defendant Dolex Dollar
Express, Inc.'s Notice of Removal
Pursuant to 28 U.S.C. §§ 1332, 1441, 1446**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2020 08:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
MARIA TERESA CHAN COTOC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARIA TERESA CHAN COTOC, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DOLEX DOLLAR EXPRESS, INC., a Texas Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 20STCV19915<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br><br>7. **FOR DECLARATORY JUDGMENT**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

-1-

COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFF, MARIA TERESA CHAN COTOC,** and for causes of action against the Defendant and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendant's obligations and liability arise therein, because Defendant maintains offices and transacts business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, MARIA TERESA CHAN COTOC, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant DOLEX DOLLAR EXPRESS, INC. (hereinafter referred to as "DOLEX DOLLAR") was and is a Texas corporation doing business in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant owned and operated a private financial services company.

5.      At all times relevant herein, Defendant was Plaintiff's employer within the meaning of Government Code §§12926(d), 12940, and/or 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this court.

6.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to

Plaintiff.  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

8.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).   Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11.     Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to engage in a good faith interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendant and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

13.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendant and DOES 1-20 are, in reality, one and the same as Defendant, including, but not limited to because:

a.      Defendant is completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendant to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      DOES 1-20 derive actual and significant monetary benefits by and through Defendant's unlawful conduct, and by using Defendant as the funding source for their own personal expenditures.

c.      Defendant and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Defendant does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of Defendant and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendant is, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-20.  The recognition of the separate existence of Defendant would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendant and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.     Accordingly, Defendant constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant, and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendant, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendant, (2) the transaction between DOES 1-20 and Defendant amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendant, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendant's debts.  Accordingly, DOES 1-20 are the successors of Defendant, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

17.     Plaintiff was hired by Defendant on or about June 2, 2015 as a cashier. Plaintiff's job duties included sending money grams, money drops, and money deposits. Plaintiff performed her job duties satisfactorily until she was wrongfully terminated by Defendant on or about November 30, 2018.

18.     At the time of her termination, Plaintiff was 44 years old.

19.     On or about April 17, 2018, Plaintiff injured her head and back when she bent down to pick up an object, banging her head on the register in the process. This injury limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability. Plaintiff promptly informed Defendant of her disability.

20.     On or about May 12, 2018, Plaintiff began having pain in her hand. Plaintiff visited her medical provider and learned that the pain in her hand was caused by the head injury she suffered on April 17, 2018. This injury caused Plaintiff to move slower, not be able to type as fast, and have trouble

opening/closing the security door. Thus, this injury limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability.

21.     Plaintiff filed a worker's compensation claim and was given work restrictions of no prolonged standing and no lifting in excess of 5 pounds.

22.     Plaintiff promptly informed Defendant of her disability and work restrictions and requested accommodation in the form of light duty work which complied with the doctor-imposed work restrictions.

23.     Defendant ignored the restrictions and failed to provide any accommodation whatsoever. In fact, Plaintiff was told that the company does not want her there with pain.

24.     On or about November 30, 2018, Defendant terminated Plaintiff, telling her that she could not continue to work with work restrictions. Similarly, one of Plaintiff's co-workers who had diabetes and had to take time off work, was terminated by Defendant on the same day.

25.     Based on the events described above, Defendant knew that Plaintiff had a disability, or perceived disability, but did not offer to accommodate Plaintiff's disability. Defendant did not engage in any genuine good faith interactive process with Plaintiff to determine accommodations for her disability or perceived disability, failed to bring any alternative open positions to Plaintiff's attention, consider Plaintiff for said positions, or discuss Plaintiff's qualifications for any of them, let alone offer any such positions to Plaintiff.

26.     Based on the events set forth above, Plaintiff believes Defendant discriminated and retaliated against, and actually terminated Plaintiff based upon her age, disability, real or perceived, medical condition, real or perceived, engagement in protected activities, denied accommodation, denied an interactive process, and actually wrongfully terminated Plaintiff. Defendant failed and refused to stop and prevent discrimination and retaliation against Plaintiff, and Plaintiff was actually wrongfully terminated. If Defendant claims that Plaintiff was not terminated, then Defendant has failed and continues to fail to engage in a good faith interactive process to provide reasonable accommodations and return Plaintiff to her employment.

27.     At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

28.     At all relevant times, Defendant failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform Plaintiff's essential job duties with or without accommodations.

29.     Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, age, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendant's discriminatory animus is evidenced by the previously mentioned facts.

30.     Defendant's conduct described herein was undertaken, authorized, and/or ratified by Defendant's officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendant. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendant who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

31.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

32.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

33.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

34.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious

disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## **FIRST CAUSE OF ACTION**

### **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

### **AGAINST ALL DEFENDANTS**

35.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

36.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

37.     As such term is used under FEHA, "on the basis enumerated in this part" means or refers to discrimination on the basis of one or more of the protected characteristics under FEHA.

38.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, and to prevent discrimination on the basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

39.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition, use of medical leave, and engagement in protected activities.

40.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

41.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

42.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activities, and/or some combination of

these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

43.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

44.    The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

45.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

46.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

47.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

48.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

49.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

50.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave, exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

51.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

52.     Plaintiff is informed and believes that Plaintiff's request for accommodation, request for medical leave, exercise of Plaintiff's right to medical leave, complaints and protestations about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

53.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

54.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

55.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

56.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

57.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

58.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

59.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

60.   At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

61.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

62.   The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

63.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

64.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

65.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

66.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

67.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

68.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

69.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

70.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

71.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

72.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

73.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

74.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

75.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

76.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage

in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, and despite Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

77.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

78.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

79.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

81.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth in full herein.

82.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

83.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

84.     Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

85.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

86.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

87.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

88.     The damage allegations of Paragraphs 31 through 34, inclusive, are herein incorporated by reference.

89.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

90.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR DECLARATORY JUDGMENT**

**AGAINST ALL DEFENDANTS**

91.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 90, inclusive, as though set forth in full herein.

92.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

93.     Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

COMPLAINT FOR DAMAGES

94.     Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

95.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, age, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, age, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's medical condition, disability and/or perceived disability, medical condition or perceived medical condition, age, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

96.     Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants discriminated against Plaintiff on the basis of Plaintiff's perceived disability, disability, medical condition, perceived medical condition, age, engagement in protected activities, and/or some combination of these protected characteristics.

97.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's perceived disability, medical condition, perceived medical condition, age, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

98.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in

conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

99.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

100.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

COMPLAINT FOR DAMAGES

5.  For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.  For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

7.  For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

8.  For post-judgment interest; and

9.  For any other relief that is just and proper.

DATED: May 26, 2020     **LAW OFFICES OF RAMIN R. YOUNESSI**
               **A PROFESSIONAL LAW CORPORATION**

          By: _____
            Ramin R. Younessi, Esq.
            Attorney for Plaintiff
            MARIA TERESA CHAN COTOC

COMPLAINT FOR DAMAGES

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  May 26, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
MARIA TERESA CHAN COTOC

COMPLAINT FOR DAMAGES