UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION FOR ORDER REMANDING ACTION TO STATE COURT (DKT. 12)**

### I.     Introduction

On May 26, 2020, Maria Teresa Chan Cotoc ("Plaintiff") brought this action against Dolex Dollar Express ("Defendant") and 20 Doe Defendants in the Los Angeles Superior Court. Dkt. 1-2. Defendant removed the action on July 8, 2020, based on diversity of citizenship. *See* Dkt. 1. The Complaint alleges that Defendant wrongfully terminated and discriminated against Plaintiff. *See* Dkt. 1-2.

On September 4, 2020, Plaintiff filed a Motion for Order Remanding Action to State Court. Dkt. 12 (the "Motion"). No opposition was timely filed. Dkt. 17. An Order issued providing Defendant a final opportunity to file an opposition to the Motion by October 20, 2020. *Id.* The Order also provided that any opposition should be supported by a declaration by Defendant's counsel stating the reason that the opposition was not timely filed. *Id.*

On October 20, 2020, Defendant filed an opposition to the Motion. Dkt. 22 (the "Opposition"). Defendant's counsel filed the required declaration. Dkt. 22-1. Based on a review of the declaration, and in the interest of judicial and party efficiency, there is sufficient good cause to consider the Opposition. Plaintiff will not be prejudiced by this determination because she has been provided sufficient time to reply, and did so on November 6, 2020. Dkt. 24 (the "Reply").

Based on a review of the matters presented by the Motion, and pursuant to L.R. 7-15, a determination was made that the Motion may be decided without oral argument. Dkt. 29. For the reasons stated in this Order, the Motion is **DENIED**.

### II.     Factual and Procedural Background

####         A.     The Parties

Plaintiff is a resident of Los Angeles, California. Dkt. 1-2 ¶ 2. Defendant is a Texas corporation with its principal place of business there. *Id.* ¶ 3; Dkt. 1 ¶ 6. Defendant allegedly hired Plaintiff as a cashier on June 2, 2015. Dkt. 1-2 ¶ 17. Plaintiff alleges that her job duties "included sending money grams, money drops, and money deposits." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

   B.  Substantive Allegations in the Complaint

Plaintiff alleges that she injured her head and back on April 17, 2018 "when she bent down to pick up an object, banging her head on the register in the process." *Id.* ¶ 19. Plaintiff alleges the resulting injury limited her "ability to perform the major life activity of working and therefore constituted a disability." *Id.* On or about May 12, 2018, Plaintiff allegedly began experiencing pain in one of her hands. *Id.* ¶ 20. Plaintiff alleges that she "visited her medical provider and learned that the pain in her hand was caused by the head injury she suffered on April 17, 2018." *Id.* The hand injury allegedly "caused Plaintiff to move slower, not be able to type as fast, and have trouble opening/closing the security door." *Id.* It is alleged that Plaintiff's hand injury, like her head injury, limited her "ability to perform the major life activity of working and therefore constituted a disability." *Id.*

Plaintiff alleges that she filed a worker's compensation claim and "was given work restrictions of no prolonged standing and no lifting in excess of [five] pounds." *Id.* ¶ 21. Plaintiff alleges that she promptly informed Defendant of her claimed disability and work restrictions and "requested accommodation in the form of light duty work which complied with the doctor-imposed work restrictions." *Id.* ¶ 22. Defendant allegedly ignored the requests and failed to provide any accommodation. *Id.* ¶ 23. On November 30, 2018, Defendant terminated Plaintiff from employment. *Id.* ¶ 24. Defendant allegedly told Plaintiff "that she could not continue to work with work restrictions." *Id.*

   C.  Causes of Action and Prayer for Relief

The Complaint advances the following causes of action: (i) discrimination in violation of Cal. Gov't Code § 12940 *et seq.*; (ii) retaliation in violation of Cal. Gov't Code § 12940 *et seq.*; (iii) failure to prevent discrimination and retaliation in violation of Cal. Gov't Code § 12940(k); (iv) failure to provide reasonable accommodations in violation of Cal. Gov't Code § 12940 *et seq.*; (v) failure to engage in good faith interactive process in violation of Cal. Gov't Code § 12940 *et seq.*; (vi) wrongful termination in violation of public policy; and (vii) declaratory judgment.   Dkt. 1-2 ¶¶ 35-100.

The Complaint seeks the following remedies:

> a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity[.]

Dkt. 1-2 at 19. The Complaint also seeks an award of punitive damages, prejudgment interest, post-judgment interest, attorney's fees and costs. *Id.* at 19-20. It also presents requests for declaratory and injunctive relief. *Id.*

   C.  Notice of Removal

As noted, Defendant removed the action on July 8, 2020 based on diversity of citizenship. *See* Dkt. 1. The Notice of Removal alleges that, for the purposes of diversity jurisdiction, Plaintiff is a citizen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

California and Defendant is a citizen of Texas. *Id.* ¶ 6.

The Notice of Removal alleges that "Plaintiff's demand for economic damages, non-economic damages, punitive damages, and attorneys' fees puts" the amount in controversy in excess of $75,000. *Id.* ¶ 10. Defendant states that Plaintiff worked full-time for Defendant for a wage of $13.25 per hour. *Id.* ¶ 11. Defendant contends that, given the 84 weeks between Plaintiff's separation from employment and the filing of the Notice of Removal, her claims for back pay alone total $44,520. *Id.* This amount is based on the following calculation: 84 weeks x 40 hours/week x $13.25/hour = $44,520.

Defendant also states that Plaintiff has alleged she has experienced emotional distress due to her termination. *Id.* ¶ 12. Defendant contends that, in employment discrimination cases, when a plaintiff prevails on a wrongful termination claim, damages for emotional distress are often awarded "in an amount at least twice the underlying economic damages, or, at the very least, in the same amount as the economic damages." *Id.* ¶¶ 12-13. Defendant also states that in employment discrimination cases, punitive damages "are frequently awarded in an amount significantly higher than the underlying economic damages." *Id.* ¶ 16. Defendant also contends that attorney's "[f]ee awards in similar cases have been substantially higher than $30,000" and that amount of fees "at a minimum can be assumed" in considering the amount at issue in this action. *Id.* ¶¶ 19-20.

### III.   Analysis

#### A.   Legal Standards

A motion to remand is the procedural means to challenge removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Federal diversity jurisdiction arises only when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. § 1332. Complete diversity of citizenship is required, *i.e.* "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). Where it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez*, 888 F.3d at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)).

    B.    Application

        1.    <u>Diversity of Citizenship</u>

The parties do not dispute that they are citizens of different states. Plaintiff is a citizen of California. Dkt. 1-2 ¶ 2. Defendant is a citizen of Texas. Dkt. 1 ¶ 6. The Complaint names 20 Doe Defendants. However, in determining whether a civil action can be removed on the basis of diversity jurisdiction, the citizenship of a defendant sued under a fictitious name is disregarded. 28 U.S.C. § 1441(b)(1). Accordingly, there is complete diversity of citizenship.

        2.    <u>Amount in Controversy</u>

            a.    In General

A defendant is required only to file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by [the removal statute] only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Contrary to Plaintiff's assertions, Defendant was not obligated to proffer evidence as to the amount it claims to be in controversy with the notice of removal. Instead, Defendant was required only to make sufficient allegations that the amount in controversy exceeded $75,000. Defendant did so.

Because Plaintiff contests that the amount in controversy was at least $75,000 at the time of removal, Defendant bears the burden of proving that amount by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 88 (citing 28 U.S.C. 1446(c)(2)(B)); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "To do so, the defendant can rely on the face of the plaintiff's complaint or submit summary-judgment-type evidence." *Laub v. Kao USA, Inc.*, No. CV 20-1383-DMG (Ex), 2020 WL 4980061, at *1 (C.D. Cal. May 1, 2020); *see also Lara v. Lazer Spot, Inc.*, No. 5:19-cv-00463-VAP-SPx, 2019 WL 2023728, at *1 (C.D. Cal. May 7, 2019) ("In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (internal quotations and citation omitted))*; Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 WL 7311349, at *1 (C.D. Cal. Dec. 11, 2020) (a defendant may rely on a complaint's allegations); *Sanchez v. Capital Contractors Inc.*, No. C-14-2622 MMC, 2014 WL 4773961, at *2 (N.D. Cal. Sept. 22, 2014) (same).

            b.    Lost Wages

Defendant has not filed any admissible evidence in support of the Opposition. The only evidence Defendant proffered is a document identified as a medical report prepared pursuant to Cal. Lab. Code §§ 4060, 4062.2 by Panel Medical Examiner Dr. Michael Luciano. Dkt. 22-3. To authenticate the medical report, Defendant filed a declaration by "the current defense attorney for the insurance carrier." Dkt. 22-2. The attorney declares Dr. Luciano "issued his report on September 15, 2020, serving the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

report to the attention of the parties relating to the workers compensation matters." *Id.* at 2. The attorney further declares his "processing office received the report, scanned it[,] and sent it to [his] attention under incoming mail." *Id.* Plaintiff objects that the medical report cannot be authenticated by counsel, who has no percipient knowledge as to its preparation. Dkt. 24 at 5. This objection is **SUSTAINED**.

The next issue is whether a review of the Complaint and certain other materials is sufficient to show that Defendant met its burden of proof as to the amount in controversy. The Complaint alleges that "Plaintiff has suffered and will continue to suffer general and special damages, including . . . past and future lost wages and benefits." Dkt. 1-2 ¶ 31. Plaintiff filed a declaration in support of the Motion, stating that "[o]ver [her] final year of employment with [Defendant], [her] average weekly pay was $467.78." Dkt. 12-2 at 2.[1]

Because the Complaint alleges the loss of future wages, (Dkt. 1-2 ¶ 31), lost wages up to the date of trial are included in the amount in controversy. *Chavez*, 888 F.3d at 417 ("[A]lthough the plaintiff's employer would have paid the wages in the future had she remained employed, they are *presently* in controversy."); *Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("Because Plaintiff put future wages in controversy, the Court will include lost wages up until the date of trial."). "[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases." *Reyes, 2019 WL 4187847*, at *3 (citing *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)). Here, one year from the date of removal is July 8, 2021. However, Defendant has filed a motion for summary judgment that is noticed for a hearing on October 18, 2021. Dkt. 34. Thus, in this action, a conservative estimate of the trial date is November 30, 2021. There are 156 weeks between November 30, 2021 and when the Defendant was terminated on November 30, 2018.

Plaintiff argues that this period cannot be used for calculating the value of her lost wages because she "was placed on temporary total disability" for a portion of it. Dkt. 12 at 10; *see also* Dkt. 24 at 5-6. An employer is not liable for lost wages "during periods that an improperly discharged employee is unavailable for work due to a disability." *Canova v. N.L.R.B.*, 708 F.2d 1498, 1505 (9th Cir. 1983). Here, Plaintiff declares that she "was placed on temporary total disability" from January 16, 2019 until March 11, 2020. Dkt. 12-2 at 2. Plaintiff also declares that she was again placed on total disability beginning July 17, 2020. *Id.* She does not declare when this period of disability ended or was scheduled to end. A June 17, 2020 "Primary Treating Physician's Progress Report" attached to her declaration includes the following:

> **Work Status:** This patient has been instructed to:
> ☒ Remain off-work until   6 weeks
> ☐ Return to *modified* work on _____ with following limitations or restrictions
>    (List all specific restrictions re: standing, sitting, bending, use of hands, etc.):
> ☐ Return to full duty on _____ with no limitations or restrictions.

---

[1] An earnings statement attached as an exhibit to Plaintiff's declaration reflects that she earned $21,985.67 from January 1, 2020 year to November 24, 2020. Dkt. 12-2 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

Dkt. 12-2 at 10. This report suggests that Plaintiff's period of disability that began on June 17, 2020 ended six weeks later on July 29, 2020. However, even if the report were admissible evidence, it does not establish that Plaintiff was ultimately able to return to work on July 29, 2020 or thereafter. Consequently, the evidence and other information filed in connection with the Motion supports a finding that Plaintiff was unable to work from June 17, 2020 through the present.

Defendant argues that Plaintiff's evidence regarding her periods of total disability should not be considered because it contradicts the Complaint. Plaintiff alleges in the Complaint that "*[a]t all times herein*, Plaintiff was willing and able to perform the duties and function of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations." Dkt. 1-2 ¶ 68 (emphasis added).

Where a complaint does not clearly disclose the amount in controversy, a plaintiff may file evidence that clarifies the amount in controversy. But where the amount in controversy is clear on the face of the complaint, a plaintiff may not obtain remand by filing an affidavit or statement that reduces the amount in controversy. *McIntyre v. US Airways*, No. CV 09-05256 MMM (FMOx), 2009 WL 10672577, at *6 (C.D. Cal. Nov. 12, 2009) ("[H]ad the amount of damages [the plaintiff] sought as of the date of removal been clear on the face of the complaint, the court could not, and would not, consider [the plaintiff's] post-removal statement that total damages do not exceed $75,000."); *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993) ("In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* and the rationale of *ANPAC* unequivocally bar remand for want of jurisdictional amount."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). Thus, for instance, where a plaintiff's claim for damages amounted to $160,000, the plaintiff could not defeat diversity jurisdiction by filing "a post-removal declaration stating that the amount being sought against [the defendant] will not exceed $74,999." *Burke Family Living Tr. v. Metro. Life Ins. Co.*, No. C09-5388 FDB, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009).

Plaintiff's declaration does not contradict the amount in controversy in the manner that arose in *Burke*. Moreover, the Complaint does not clearly disclose the amount in controversy. However, there is an inconsistency between the allegations of the Complaint and Plaintiff's declaration. The Complaint alleges that Plaintiff was "[a]t all times herein . . . willing and able" to perform her job. Dkt. 1-2 ¶ 68. In contrast, in her declaration she states that she "was placed on temporary total disability" from January 16, 2019 until March 11, 2020. Dkt. 12-2 at 2.

Plaintiff cannot avoid the restriction on filing a declaration that seeks to reduce the amount in controversy as stated in the operative complaint. This principle is consistent with the rule that parties are bound by the judicial admissions in their pleadings. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ( "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (judicial admission may be used to establish amount in controversy).

Based on the foregoing, the portion of Plaintiff's declaration in which she states that she was on temporary total disability from January 16, 2019 until March 11, 2020 is disregarded for purposes of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-06066 JAK (MAAx) | | Date | August 25, 2021 |
|---|---|---|---|---|
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | | |

present assessment of the amount in controversy. However, that portion of Plaintiff's declaration where she states that she was placed on total disability on July 17, 2020 is accepted. That period of disability occurred after the Complaint was filed. Therefore, this averment is not contradicted by the phrase "[a]t all times herein." Accordingly, lost wages are calculated based on the period between November 30, 2018, when Defendant was terminated, and July 17, 2020, when Plaintiff was placed on total disability. This is a period of 85 weeks. Therefore, the amount in controversy as to lost wages is $39,761.30. This is calculated as follows: 85 weeks x average pay of $467.78/week = $39,761.30.

        c.        Emotional Distress and Punitive Damages

The Complaint seeks an award of "general damages for mental pain and anguish and emotional distress" as well as punitive damages. Dkt. 1-2 at 19-20. Potential awards as to these claims may be considered in calculating the amount in controversy as of the time of removal.

Although no evidence has been presented as to the value of the emotional distress claims, it is reasonable to attribute some value to them. Based on a commonsense assessment in the context of an employment action, it is reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the present jurisdictional analysis. *Garfias v. Team Indus. Servs., Inc.,* No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017). Similarly, district courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to compensatory damages as "conservative" for purposes of assessing the amount in controversy requirement. *Zapata Fonseca v. Vigo Importing Co.*, No. 5:16–cv–02055–EJD, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016); *see also Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678 PSG (GJSx), 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019); *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015). In this action, that amount would be $39,761.30.

A 1:1 ratio for emotional distress damages and punitive damages increases the amount in controversy by $119,283.90. This amount is calculated as follows: $39,761.30 (emotion distress) + $39,761.30 (punitive damages) + $39,761.30 (unpaid wages) = $119.,283.90.

        d.        Attorney's Fees

In calculating the amount in controversy, a court must include a reasonable amount of a potential award of attorney's fees to a plaintiff, if such an award is permitted under the statutory or common law basis for a plaintiff's claims. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). This includes future attorney's fees that may be incurred after the time of removal. *Id.* Here, Plaintiff seeks attorney's fees pursuant to the California Fair Employment and Housing Act and the California Labor Code. Dkt. 1-2 at 20. A fee award is available to a prevailing plaintiff under both statutes.

"Employment claims have been found to require substantial effort from counsel." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (internal quotations omitted). Courts have held that $300 is a reasonable hourly rate for attorneys working on employment cases. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). "Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-06066 JAK (MAAx) | Date | August 25, 2021 |
| Title | Maria Teresa Chan Cotoc v. Dolex Dollar Express, Inc. et al. | | |

Therefore, if the low end of that range is adopted, when multiplied by the $300 hourly rate figure, this results in a sum of $30,000. Plaintiff concedes that the $30,000 estimate established by *Sasso* is appropriate.

Based on the foregoing analysis, it has been shown that the amount in controversy at the time of removal was at least $149,283.90. This is the sum of the potential awards for unpaid wages ($39,761.30), emotional distress ($39,761.30), punitive damages ($39,761.30) and attorney's fees ($30,000). Accordingly, the amount-in-controversy requirement has been satisfied.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                                                              :

Initials of Preparer    TJ